CASE 91.—PROSECUTION AGAINST JAMES L. BARROW FOR PREVENTING A VOTER FROM VOTING AT A GENERAL ELECTION.—May 9

## Barrow v. Commonwealth

Appeal from Logan Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Defendant convicted and appeals. Reversed.

1. Elections—Clerks—Knowingly Preventing One from Voting—
   Indictment—Under Kentucky Statutes, section 1582, providing that "any officer of an election who shall receive or assent to receive, or record a vote at an election, at a time or place

known by him not to be the time and place lawfully appointed or who shall knowingly receive the vote of any other than a qualified voter, or so refuse to receive the vote of a qualified voer, shall be fined, etc.," a clerk of an election, having no voice in the receiving or refusing to receive votes is not liable to indictment under said statute for refusing to receive a vote.

2. Same—Refusing to Obey Election Judges—Penalty—If the clerk of the election refuses to obey the order of the judges thereof he may be punished under Kentucky Statutes, section 1577. providing that "any public officer upon whom a duty is imposed under this chapter and no penalty provided for a violation thereof, who shall wilfully neglect to perform, or who shall wilfully perform it in such a way as to hinder the object of this law, shall be punished by a fine of $50 and imprisonment in the county jail for two months."

J. C. BROWDER, attorney for appellant.

POINTS AND AUTHORITIES.

1. Section 1583 of the Kentucky Statutes is unconstitutional.

2. The power to fix all penalties, involving life or liberty of persons, and involving the payment of fines, rests exclusively with the jury except in certain cases in inferior courts.

3. Under section 1583 of the Ky. Stats., no election officer can be punished for declining to permit a qualified voter to cast his vote, unless it be shown affirmatively by the Commonwealth that such person so offering to vote is a legally qualified voter in the precinct where said election officer is acting.

4. No election officer can be punished under section 1583 Ky. Stats., for refusing to permit a qualified voter to cast his vote unless said refusal is founded on a corrupt motive or unless said offense is knowingly done; honest errors in judgment arrived at in good faith, even though erroneous, do not subject the election officer to any sort of punishment.

5. No election officer can be convicted for any of the offenses denounced in chapter 41 of the Kentucky Statutes upon the testimony of a single witness, unless sustained by strong corroborating circumstances.

6. Although the clerk of an election is not a judicial officer, he has the power to decline to receive a vote known by him to be an illegal vote, irrespective of the ruling of the judges of the election.

7. In an issue before a jury as to the qualification of a person claiming to be a legal voter, rules for determining the residence

of said voter are specifically enumerated in section 1478, Ky. Stats., and the five rules there enumerated constitute the exclusive method of arriving at the residence of said voter, and in instructing the jury it is erroneous and prejudicial for the court to select only one of said rules in framing the instructions and to ignore the remaining four as the court must give the whole law on that question to the jury.

8. Under an indictment charging an election officer with knowingly refusing to receive a ballot of a legal voter, it must be shown affirmatively by the Commonwealth (where said voter's right to vote was challenged) that the said voter was duly sworn and interrogated according to law, and unless it shall appear that said voter was so sworn at the time of said interrogation and after he had been challenged he was not entitled to vote, although otherwise qualified.

9. On the trial of such a case as this involving the question of the voter's intention to return to the precinct where he formerly lived, after having removed therefrom, it was error to permit witnesses to testify as to statements made by said voter of his intention to return to his former precinct, and this evidence was highly prejudicial to the defendant in this case.

10. It is error to permit the Commonwealth's attorney, after the close of all the evidence to introduce evidence properly in chief, merely on his statement that he had forgotten to do so at the proper time.

11. The court should have sustained defendant's motion for a peremptory instruction at the conclusion of the Commonwealth's evidence.

12. The court should have sustained the motion for a peremptory instruction made by defendant at the conclusion of all the evidence.

13. Under all the evidence, it plainly appears that the defendant Barrow did not decline to receive the vote of the prosecuting witness, Bell, after the filing of the counter-affidavit.

## AUTHORITIES CITED.

87 Ky., 42, Cheek v. Commonwealth; 90 Ky., 33, Johnson v. Commonwealth; 93 Ky., 156, Cowan v. Prowse; 85 Ky., 597, Anderson v. Winfree; 84 Ky., 52, Vowells v. Commonwealth; Ky. Stats., sections 1583, 1577, 1477, 1477a, 1579, 1594, 1478; 10 Bush, 488, Commonwealth v. Gale; 1 Duv., 63, Chrisman v. Bruce; 18 B. M., 717, Morgan v. Dudley; 18 B. M., 494, Miller v. Rucker; 24 Ky. Law Rep., 1098, Edwards v. Logan; 24 Ky.

Law Rep., 709, Connor v. Commonwealth; 3 Bush, 469, Russell v. Commonwealth.

(No brief for appellee in the record.)

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

James L. Barrow was indicted for knowingly preventing F. A. Bell from voting at the general election in 1903, held in Cave Spring precinct No. 17, in Logan county, Ky. To this indictment he pleaded not guilty, but upon a trial before a jury he was found guilty, and his punishment fixed as the statute provides. From the judgment based upon this verdict he is here on appeal.

At the election under consideration the appellant was clerk. F. A. Bell presented himself and offered to vote, but a question was raised as to his right so to do. The judges differed as to this, and the sheriff decided with that judge who favored the applicant's right to vote. Although we think the evidence is vague and uncertain as to whether or not appellant refused to prepare and deliver a ballot to Bell after a majority of the judges had decided in favor of his right to vote, it may be conceded after a verdict of guilty that there was evidence sufficient to convict him. The first question arising on the record is whether or not that part of section 1583, Ky. Stat., 1903, under which the indictment was found, applies to clerks of elections. The section is as follows: "Any officer of election who shall receive, or assent to receive, or record a vote at an election at a time or place known by him not to be the time and place lawfully appointed, or who shall knowingly receive the vote of any other than a qualified voter, or so

refuse to receive the vote of a qualified voter, shall, for every such offense, be fined from $50 to $500, forfeit any office he then holds, and be disqualified from ever holding any office."

Observe that three distinct offenses are here created and punished: (1) The holding of an election at an unlawful place or time; (2) knowingly receiving an unlawful vote; (3) knowingly refusing to receive a lawful vote. The language as to the first includes all the officers of election, shown by denouncing the illegal exercise of the duties of each. It is made an offense to receive, or assent to receive, or to record, a vote at an unlawful time or place. Here the word "record" shows the inclusion of the clerk, because to record the votes is his particular duty. The unlawful receiving or assenting to receive votes includes only the judges and sheriff who discharge this duty. But the word "record" does not occur in describing the second and third offenses, and the omission is pregnant with significance. In these the illegal acts consist in knowingly receiving illegal, or knowingly refusing to receive legal, votes. The omission of the word "record" in connection with these offenses shows that the clerk was not intended to be included, because to record, or refuse to record, compasses his whole duty in the premises. This is entirely consonant with reason. All the officers are forbidden to participate in an illegal election, and each is therefore forbidden to exercise his particular duty with reference thereto. To hold an illegal election all must participate, and therefore, to prevent an illegal election, the exercise of the duty of each in reference thereto is made a crime. Not so as to the second and third offenses. With the receiving or refusing to

receive votes, the clerk has no voice under the statute. The decision as to the right of suffrage is primarily with the judges. If they disagree, then the sheriff acts as umpire between them. Section 1484, Ky. Stat. Suppose the clerk should believe the proposed voter qualified, but the judges decided him unqualified; must the clerk, in the face of the decision of those having the right to decide this question, override their judgment and record the vote in spite of it? Of what avail is the provision of the statute that the judges must decide the question of the voter's right to suffrage, if the clerk may veto their decision? And yet to this position we are driven if the clerk is included in the meaning of the statute under which this indictment was found. If a voter presents himself, who is known by the clerk to be a qualified voter, but who the judges decide is unqualified, the clerk is placed in this position: If he refuses to give the voter a ballot and receive his vote, he is guilty of knowingly refusing to receive the vote of a qualified voter; if he gives the voter a ballot and records his vote, he overrides the opinion of the judges that the applicant is not qualified.

Such a construction of the statute would throw the holding of an eelction into chaos; and to escape so obvious an anomaly we conclude that the clerk had nothing to do with the receiving or refusing to receive votes, and is not included in the language of the statute under which the appellant is prosecuted. If the clerk refuses to obey the order of the judges, he may be punished under section 1577, Ky. Stats., which is as follows: ''Any public officer upon whom a duty is imposed under this chapter, and no penalty provided for the violation thereof, who shall

willfully neglect to perform such duty, or who shall willfully perform it in such a way as to hinder the objects of this law, shall be punished by a fine of fifty dollars and imprisonment in the county jail for two months." Our conclusion is that that part of section 1583 under which appellant was indicted does not apply to the clerks of election, and the demurrer to the indictment herein should have been sustained.

The judgment is reversed for proceedings consistent herewith.